[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DATE OF SENTENCE: MAY 29, 2001 DATE OF APPLICATION: JUNE 21, 2001 (Date Signed) DATE OF DECISION: JUNE 25, 2002
Application for REVIEW OF SENTENCE imposed by the Superior Court, Judicial District of Hartford at G.A. 13. Docket Nos. CR00-102376, CR00-116793.
Victor Carlucci, Esq. Counsel for the State, Assistant States Attorney.
Mathew Costello, Esq. Counsel for Petitioner.
SENTENCE AFFIRMED
 BY THE DIVISION
Antonio Paulo, petitioner, entered pleas of guilty before the sentencing court relevant to a charge of Larceny in the third degree and Larceny in the first degree. Relevant to the Larceny third the petitioner was working for a moving company and removed and retained approximately $2,000 in cash from the suit case of a customer of the moving company. In an unrelated incident, the petitioner entered a plea of guilty to Larceny in the first degree whereby the petitioner and a co-worker stole personal property of others in storage at the facility of the employer of the petitioner. The items stolen were valued in excess of $10,000 and the petitioner cooperated with the authorities in the return of much of the stolen items. The crime of Larceny in the 3rd Degree is a Class D felony with a maximum period of incarceration of five years. The crime of Larceny in the First Degree is a Class B felony with maximum exposure of 20 years incarceration.
The sentencing court imposed a net effective sentence of 16 years CT Page 11467 execution suspended after 4 years incarceration to be followed by 5 years of probation. It is this sentence petitioner seeks to have reviewed.
Counsel for the petitioner addressed the Division and indicated that the pre-sentence investigation (PSI) badly represented petitioner. Counsel indicated there were far more positives (in petitioner's background) that were not related at the time of sentencing. Counsel indicated: that the petitioner fully co-operated with law enforcement in their investigation of these matters, that petitioner "showed tremendous character" in getting the matters resolved. Counsel claimed further mitigants not adequately considered: 1) petitioner helped remove his father from the home due to domestic strife between his parents; 2) that petitioner's fiancée did not want to see him incarcerated; 3) the petitioner's criminal history is minimal in that it only reflects 2 domestic matters involving the same young lady and 4) that petitioner's military record was horribly represented (at sentencing).[1]
Counsel for the petitioner indicated that at the time of sentencing the petitioner tendered $1300 towards the restitution.[2] Counsel concluded his remarks by opining that a more appropriate sentence would be an alternative incarceration plan, a brief period of incarceration or "straight probation."
The petitioner addressed the Division and indicated that he honestly regretted the situation and that: it was wrong to use his difficult childhood (as an excuse). Petitioner represented that "alcohol took control . . . I did something stupid . . . If I could go back, I would change it."
The state countered by pointing out that the petitioner disregarded four appointments relevant to the preparation of the P.S.I. Counsel also indicates how the monetary loss impacted respective victims.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light off the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended.
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-28 et seq., and Connecticut General Statute § 51-94 et seq. CT Page 11468
The petitioner committed two serious felonies and was on probation at the time in Massachusetts for domestic violence matters. The sentencing court appropriately pointed out the fact that the petitioner has been in the National Guard for a period of six years at the time of these incidents demonstrates that military service has had little positive impact on petitioner's behavior.
In reviewing the record as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Conn. Practice Book §§ 43-23 et seq.
The sentence imposed was neither inappropriate or disproportionate.
The sentence is AFFIRMED.
Miano, J.
Norko, J.
Ianotti, J.
Miano, J., Norko, J., and Ianotti, J. participated in this decision.